# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SCHERRY A. JONES**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 16-11132**

**SOCIAL SECURITY ADMINISTRATION**                      **SECTION "H" (3)**

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA").   The matter has been fully briefed on cross-motions for summary judgment and is ripe for review.   For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

Plaintiff filed an application for DIB on November 18, 2013, alleging a disability onset date of August 1, 2013. (Adm. Rec. at 101-07).   Plaintiff alleged disability due to back problems and carpal tunnel syndrome. (*Id.* at 122). Plaintiff, born on February 25, 1961, was 52 years old on the date on which she alleged disability and 53 years old at the time of the final administrative decision.   (*Id.* at 101).   Plaintiff has a high-school education.   (*Id.* at 30).   Plaintiff has past work experience as a chicken dresser and warehouse worker.   (*Id.* at 130).

Defendant initially denied plaintiff's application on February 11, 2014. (*Id.* at 51-54). Plaintiff sought an administrative hearing, which defendant held on July 15, 2014. (*Id.* at 25-42). Plaintiff and a vocational expert ("VE"), Elizabeth Wheeler, testified at the hearing.

On December 29, 2014, the ALJ issued a decision in which he found that plaintiff had not been disabled since August 1, 2013. (*Id.* at 14-21).   In the decision, the ALJ concluded that

plaintiff has the severe impairment of degenerative disc disease of the cervical and lumbar spines. (*Id.* at 16).   The ALJ held that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.   (*Id.* at 17). The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform light work activity as defined in 20 C.F.R. § 404.1567(b) except with unlimited balancing; frequent climbing of ramps/stairs; and occasional climbing of ladders/ropes/scaffolds, stooping, kneeling, crouching, and crawling.   (*Id.* at 18).   The ALJ concluded that plaintiff can perform her past relevant work as a chicken processor.   (*Id.* at 21).    The ALJ thus denied plaintiff DIB.   (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 10).   On April 26, 2016, the Appeals Council denied plaintiff's request.   (*Id.* at 1-6). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.   *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).   If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.   *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).    It is more than a scintilla, but may

2

be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.   *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.   *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.   *Carey,* 230 F.3d at 135.   Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.   *Ripley*, 67 F.3d at 555.   Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.   *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."    42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering

his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.   42 U.S.C. § 1382(a)(3)(B).    The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.   20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.    *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).   If the

4

ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV.    ISSUES ON APPEAL

There are three issues on appeal:

(1)    Whether the additional evidence submitted by plaintiff to the Appeals Council required a remand to the ALJ.

(2)    Whether substantial evidence supports the ALJ's RFC determination.

(3)    Whether substantial evidence supports the ALJ's determination that plaintiff can perform her past relevant work as a chicken processor.

## V.    ANALYSIS

### 1.    Whether the additional evidence submitted by plaintiff to the Appeals Council required a remand to the ALJ.

With her request for review of the ALJ's decision, plaintiff submitted additional evidence to the Appeals Council ("AC"), including records related to plaintiff's back surgery in September 2014. (Adm. Rec. at 4). The AC considered the additional evidence, incorporated it into the

administrative record, and determined that it did not provide a basis for changing the ALJ's decision, thus denying plaintiff's request for review. (*Id.* at 1-6). Courts do not review the propriety of the AC's denial of a request for review because it is not a "decision" subject to judicial review. *See Sun v. Colvin*, 793 F.3d 502, 511-12 (5th Cir. 2015); *see also* 42 U.S.C. § 405(g) (courts have power to review a "final decision" of the Commissioner). Instead, when a plaintiff has submitted additional evidence to the AC and it denies review, courts must decide whether the ALJ's decision is supported by substantial evidence in light of the additional evidence that is now part of the record on appeal. *Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005) ("We have held that even when new and material evidence submitted to an Appeals Council is 'significant' and 'casts doubt on the soundness of the ALJ's findings,' the Appeals Council does not err in refusing to review the claimant's case if it can be determined that substantial evidence nevertheless supports the ALJ's denial of benefits.").   This Court must thus determine whether substantial evidence – in light of the new evidence submitted by plaintiff to the AC – still supports the ALJ's decision.

Plaintiff contends that the additional evidence justifies a remand, but the Court finds that she incorrectly references the standard for a remand under sentence six of 42 U.S.C. § 405(g). That statutory provision pertains to situations when a plaintiff has presented new and material evidence to the district court and provided good cause for not "incorporat[ing] such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (sentence six). The test for a remand per sentence six of 42 U.S.C. § 405(g) "has no application" to situations where the evidence was previously submitted to the AC and incorporated into the administrative record. *Jones v. Astrue*, 228 F. App'x 403, 406-07 (5th Cir. 2007). That subsection applies only when the new evidence is submitted directly to the District Court. *See id.* That is not the circumstance here, when the evidence was

incorporated into the administrative record by the AC. (Adm. Rec. at 4, 346-49). Accordingly, this Court's role is only to determine whether the ALJ's decision is supported by substantial evidence in the record notwithstanding the additional evidence. *See Hardman v. Colvin*, 820 F.3d 142, 150-51 (5th Cir. 2016). This, the Court will do below.

This Court also notes that "[i]n order to justify a remand, the [newly-submitted] evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding." *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995). Here, plaintiff's evidence was that of back surgery in September 2014. The ALJ did not issue his decision until December 29, 2014. The evidence is therefore not new, and plaintiff has articulated no good cause for failing to submit it to the ALJ before he rendered her decision. The Court thus finds that the AC did not err in failing to remand the issue to the ALJ, and remand is thus not required here.

## 2. Whether substantial evidence supports the ALJ's RFC determination.

Plaintiff contends that the ALJ erred when he determined her RFC and that substantial evidence does not support the finding that she can perform light exertional work. (Adm. Rec. at 18). Plaintiff cites to evidence to support her arguments that the ALJ should have limited her to sedentary work with further limitations. But the Commissioner points to evidence that supports the ALJ's conclusion. This Court reminds the parties that it may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey*, 230 F.3d at 135.

Here, the ALJ considered diagnostic imaging that merely revealed mild to moderate spinal canal narrowing. (Adm. Rec. at 19-20, 175-76). He also considered normal physical examinations

which showed that plaintiff had normal muscle strength, normal muscle tone, and tenderness in her spine but retained normal range of motion in her cervical and lumbar spine. (*Id.* at 19-20, 175-76, 253). The ALJ also considered a nurse practitioner's opinion that plaintiff should only avoid strenuous work that does not involve lifting more than 20 pounds. (*Id.* at 19, 243). Plaintiff contends that the ALJ should have found limitations concerning reaching, handling, fingering, and feeling, but examinations revealed intact hand grip, normal strength, no muscle atrophy, and grossly intact sensation. (*Id.* at 408, 413). The Fifth Circuit has long held that subjective evidence and conclusions need not take precedence over objective evidence in the record and relied on by the ALJ. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

The ALJ also considered the opinion of the state agency medical expert, Charles Lee, M.D., who opined that plaintiff can perform work at the light exertional level. (Adm. Rec. at 20-21, 47-48). State agency medical consultants are highly qualified experts in Social Security disability evaluation, and ALJs must consider their opinions if supported by objective evidence. 20 C.F.R. § 404.1527(e)(2)(i). Plaintiff correctly points out that Lee reviewed the evidence before the record was complete. However, the Court would only find merit to this argument if the sole evidence on which the ALJ relied was Lee's opinion, and subsequent evidence contradicted Lee's opinion. But, as noted above, the ALJ considered a variety of evidence to support his assessment. And later evidence in the record supports Lee's opinion. For example, the ALJ noted that plaintiff's nurse merely recommended that plaintiff avoid strenuous activity and heavy lifting greater than 20 pounds. (Adm. Rec. at 19, 243). In March 2014, plaintiff exhibited normal range of motion, normal strength, normal muscle tone, and normal coordination. (*Id.* at 259). And, as discussed above, the additional evidence that plaintiff submitted from September and October 2014 revealed normal

physical examinations. (*Id.* at 266-421). This constitutes substantial evidence to support the ALJ's assessment.

Plaintiff complains that the ALJ gave more weight to the opinion of the non-treating physician Lee than to that of her treating specialist. However, plaintiff fails to point out to the Court what the opinion of her treating physician is (or even was). Instead, plaintiff appears to point to the diagnoses of degenerative disc disease of the cervical and lumbar spines, but the ALJ considered these diagnoses and found them to be severe impairments, thus subsuming them in her RFC assessment. (*Id.* at 16). Overall, the ALJ properly focused on functional limitations rather than diagnoses in determining the RFC. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) ("The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her back trouble that she was precluded from engaging in any substantial gainful activity.").

The Court thus finds that substantial evidence, including normal examination findings, medical imaging and objective evidence, a nurse's opinion, and the state agency physician's opinion, supports the ALJ's RFC determination. As noted above, while plaintiff may have evidence that contradicts the ALJ's RFC determination, it is the ALJ's duty to weigh the evidence in the first instance and not that of this Court to re-weigh it.  *Gonzalez v. Astrue*, 231 Fed. Appx. 322, 323 (5th Cir. 2007) ("Determining a claimant's residual functioning capacity is the ALJ's responsibility and he has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." (Citation omitted)).   Plaintiff's claim lacks merit.

> **3.** **Whether substantial evidence supports the ALJ's determination that plaintiff can perform her past relevant work as a chicken processor.**

In response to a hypothetical question that assumed plaintiff's RFC for a range of light work, the VE testified that plaintiff can perform the job of chicken processor as described in the Dictionary

of Occupational Titles ("DOT"), section 525.687-070 (Tr. 38-39). A claimant is properly found not disabled at step four if she can perform her past work as she actually performed it or as it is generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2). Here, the ALJ concluded that plaintiff is not disabled at step four of the sequential evaluation.   Plaintiff argues that the ALJ failed to obtain adequate information about the job of a chicken processor. But the ALJ relied on VE testimony to find that plaintiff can perform her past work "as actually and generally performed" per the DOT. (Adm. Rec. at 21). An ALJ may rely on VE testimony to find a claimant can perform her past work as generally performed in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564-65 (5th Cir. 1995); 20 C.F.R. § 404.1560(b)(2).

The Fifth Circuit has noted that the whole point of a VE is that he or she is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed to perform that job in the national economy. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). Indeed, when given the opportunity to cross-examine the VE at the administrative hearing, counsel for plaintiff did not challenge the VE's assessment of the past work, nor did she challenge the testimony that someone with plaintiff's RFC can perform said past work. Instead, plaintiff's attorney simply asked whether someone with a different, more restrictive RFC can perform the past work. (Adm. Rec. at 40-41). "[W]here the claimant offers no evidence contrary to the VE's testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis." *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005); *see also Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir.2002) ("Masterson offered no contrary evidence and thus did not satisfy his burden to prove that he could not perform the kinds of jobs identified by [the VE]."); *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) ("Since Vaughan

10

offered no evidence that she was incapable of performing the types of work that the ALJ determined were available and that she was capable of performing, Vaughan failed to meet her burden of proof under the disability test."). Because plaintiff failed to offer the VE other evidence to support a different RFC as it relates to a different job in the national economy, she has failed to meet her burden here.

Plaintiff also maintains that she experiences limitations in her back, hands, fingers, and arms that would prevent her from working as a chicken processor. Plaintiff's argument is simply a repeated challenge to the ALJ's RFC assessment. As described above, substantial evidence supports the ALJ's RFC assessment and, consequently, the hypothetical question posed by the ALJ to the VE at the administrative hearing. An ALJ need only incorporate into the hypothetical question those claimed disabilities "supported by the evidence and recognized by the ALJ." *Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002).   This, the ALJ did.

Finally, plaintiff complains that the ALJ never considered whether she would have been found disabled at step five if she had been limited to sedentary work.   The Court finds merit in the Commissioner's argument that plaintiff's complaint is doubly moot. First, the ALJ found that plaintiff retains the RFC for light work, not sedentary work. Second, step five does not apply to plaintiff because the ALJ decided this case at step four. *See Leggett*, 67 F.3d at 564 n.11 (step five "does not apply" to plaintiff in a case decided at step four); 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). In short, plaintiff fails to meet her burden at step four of proving an inability to perform her past work as a chicken processor.

## VI.    CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.   *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 11th day of May, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**